NANCY CAROLYN WOOD
11037 Warner Ave. # 201
Fountain Valley, Ca. 92708
bookpress@mail.com
PLAINTIFF Propria Per

*IPP Submitted*

*related DDJ*

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 21 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **NANCY CAROLYN WOOD,**<br>    PLAINTIFF,<br>    vs.<br>**1. CITY OF FOUNTAIN VALLEY**<br>2. CHEIF MATHEW SHEPPARD, FVPD ___<br>3. OFFICER S. CHASE, FVPD 297,<br>4. OFFICER ADAM HUNTER, FVPD 303,<br>5. CITY ATTORNEY ALEXANDRA MAE HALFMAN<br>    **DEFENDANTS** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. *8:24-cv-01372-SVW (ADS)* |

| |
|---|
| ) Civil Rights Complaint Pursuant to 42 |
| ) U.S.C. § 1983 (non-prisoners) |
| ) 1. Deprivation of Civil Rights Under |
| Color of Law |
| ) 2. Conspiracy to Violate Civil Rights |
| ) 3. Malicious Prosecution |
| ) |
| ) JURY TRIAL DEMANDED |
| ) |

DATE: _____
TIME: 10:00 AM
LOCATION: Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701
Judge: _____
COURTROOM: _____

Plaintiff Nancy Wood, complaining of the Defendants, respectfully alleges:

That the within action arises pursuant to the Civil Rights Law of the United States of America, 42 U.S.C. Statute 1983, and the jurisdiction of the Court is invoked under 28 U.S.C. Section 1331, as hereinafter more fully appears. AND request to toll the statute of limitations to stay the proceedings pending determination of the lower court criminal case, as fully explained herein, for one year or as it please the Court:

– Complaint --

1

I. JURISDICTION

1. <u>PARAGRAPH</u>:

This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

II. VENUE

2. <u>PARAGRAPH</u>:

Venue is proper pursuant to 28 U.S.C. § 1391, because: This Court has jurisdiction under 28 U.S.C. Section 1331. That the within action arises pursuant to the Civil Rights Law of the United States of America, 42 U.S.C. Statute 1983, and the jurisdiction of the Court is invoked under 28 U.S.C. Section 1331, as hereinafter more fully appears. State claim filing statutes cannot defeat a 42 USC 1983 cause of action even when the section 1983 claim is filed in state court. (Felder v. Casey (1988) 487 US 131, 134, 138). The California Tort Claims Act is not an issue, because, Plaintiff Wood filed her lawsuit in federal court. The events giving rise to this complaint happened in this district.

III. PARTIES

3. <u>PARAGRAPH</u>:

**PLAINTIFF**, Nancy Carolyn Wood, is a citizen of the United States of American and Resident of the City of Fountain Valley, County of Orange.

4. <u>PARAGRAPH</u>:

At all times hereinafter mentioned the Plaintiff was still and is a resident of the county of Orange.

5. <u>PARAGRAPH</u>:

Plaintiff, resides at, 11037 Warner Ave. # 201, Fountain Valley, Ca. 92708.

6. <u>PARAGRAPH</u>:

Plaintiff commences this action within two years of the accrual of the causes of action.

7. <u>PARAGRAPH</u>:

DEFENDANT City of Fountain Valley, as named, and Defendant Police Officers, and others, were at all times material to this complaint, duly appointed Officials, and Police Officers of the City of Fountain Valley Police Department, and at all times material to this complaint

Defendants acted toward Plaintiff under color of the statues, ordinances, customs, and usage of the State of California, City of Fountain Valley, and the Fountain Valley Police Department, located at 10200 Slater Avenue, Fountain Valley Ca. 92708-4736; Defendant City Attorney Alexandra Mae Halfman, acted in accordance with the office of the Fountain Valley City Attorney, Harper & Burns LLP, 453 South Glassell Street, Orange, California 92866.

8. <u>PARAGRAPH</u>:

All Defendants were, on dates of the actions addressed herein, and at all times material to this complaint, duly appointed officials, and police officers of the City of Fountain Valley; and at all times material to this complaint, these Defendants acted toward Plaintiff under color of the statues, ordinances, customs, and usage of the State of California, City of Fountain Valley, and the Fountain Valley Police Department.

9. <u>PARAGRAPH</u>:

Plaintiff sues all defendants in their individual and official capacities.

10. <u>PARAGRAPH</u>:

At all times material to this complaint Defendant, City of Fountain Valley, (et al) through its police department Defendants, and City Attorney Defendant, pursued de facto policies practices and customs that were a direct and proximate cause of the deprivations of Constitutional rights alleged herein.

11. <u>PARAGRAPH</u>:

The egregious arrests were made wrongfully, unlawfully, and without any warrant or other legal process directing or authorizing the arrest or reasonable duty under authority of law.

IV. STATEMENT OF FACTS

12. PARAGRAPH:

Defendant City of Fountain Valley through Police Department Defendants pursued de facto policies and practices and customs that were a direct and proximate cause of deprivations of constitutional rights alleged herein: Two egregious arrests made wrongfully and intentionally without any warrant or process or duty.

13. PARAGRAPH:

This action arises from criminal case The People v. Nancy Carolyn Wood, Case No.22WM 05656. Plaintiff: The People, Deputy DA Alliah Bader; Defendant: Nancy Carolyn Wood, Pro per. DA Complaint, June 23, 2022, arrest of June 21, 2022, 22WM05656, (see Exhibits List Exhibit 29):

COUNT 1:

"On or about June 21, 2022, in violation of Section 594(a)/(b)(1) of the Penal Code (VANDALISM - DAMAGE $400 OR MORE), A MISDEMEANOR, NANCY CAROLYN WOOD did maliciously and unlawfully deface with graffiti and other inscribed material, damage, and destroy FENCE, real and personal property belonging to CITY OF FOUNTAIN VALLEY, in the amount of four hundred dollars ($400) and more."

COUNT 2:

"On or about June 21, 2022, in violation of Section 148(a)(1) of the Penal Code (RESIST AND OBSTRUCT OFFICER), MISDEMEANOR, NANCY CAROLYN WOOD did willfully and unlawfully resist, delay, and obstruct OFFICER HUNTER, who was a peace officer discharging and attempting to discharge his duty of his/her officer and employment."

14. PARAGRAPH:

Plaintiff Wood entered a Plea of Not Guilty, to 'factually baseless,' charges, at the arraignment of June 23, 2022: There was no cause for arrest, no justification, nor basis for the charges, and no criteria met for a conviction. Wood, mobility impaired, was unable to stand, and was brutally battered, and dragged to a squad car, on June 21, 2022 at 11:45AM, officers knowing full well her limitations result from replacement by 18 pieces of metal, of her shattered left leg, suffered, in 2010. There was no investigation nor were the violations at issue, Resisting and Vandalism, charged, at the arrest scene, and no evidence of proof substantiates the charges; brought after the fact. The arrest was preceded by a chronology of 12 arrests by the same and other officers at the same location, resulting in no convictions, ordered by City Attorney Halfman during closed door City Council meetings as stated by Halfman, proving a constitutionally violative policy and conspiracy to deprive Plaintiff of civil rights (see Exhibits List, Exhibit 18. Jury Trial Transcript, FV v. Wood, November 8, 2021, Consolidated Criminal Case no. 20WM04862, resulting in a jury trial win for Wood.:

🏛 The **WOOD TRIAL,** November 8, 2021, The City of Fountain Valley v. Wood, Fountain Valley Consolidated Criminal Case no. 20WM04862, FVMC 12.08.120 Park Curfew. Attorney: Public Defender Daniel Maher; Jury Verdict of Not Guilty entered by Judge Roberts. Presented by Attorney Maher, on the Eichorn Necessity Defense, (to camping ordinance violations) (Eichorn, 69 Cal. App.4th 382, 81 Cal. Rptr.2d 535, 539-40 (1998) which requires that the defendant committed an offense to prevent an imminent harm that could not have otherwise prevented:

(1.) an evil. (2.) with no adequate alternative. (3.) without creating a greater danger (4.) with a good faith belief (5.) objectively reasoned, and (6.) did not substantially contribute to the emergency).

PUBLIC DEFENDER DANIEL MAHER: (regarding testimony of Officer Hunter): "I hope the witness (Officer Hunter) is not referring to a decision made by the City Counsel to arrest Miss. Wood!" FOUNTAIN VALLEY CITY ATTORNEY ALEXANDRA HALFMAN: "Your honor those were closed door meetings!"

15. PARAGRAPH:

Officer Hunter seized Wood's possessions, at the arrest, her tent was ransacked for "safekeeping;" and hurled off of a City truck, into the Property Yard, two miles away, by Park Maintenance Supervisor, Angel, at the behest of City Attorney Halfman, on threat of termination. Wood's property remained exposed to the elements, without benefit of booking; tagged, "Miscellaneous," during which she was deprived of life sustaining necessities, shelter, clothing, and food, for up t three months. Arresting Officer Hunter's Incident Narrative 22-20741, Page 4, paragraph 4: "Nancy's property was retained for safekeeping and booked at FVPD." (see Exhibits List, Exhibit 1) Wood was released from the Santa Ana Main Jail, on JuNe 24, 2022.

16. PARAGRAPH:

No pictures, videos, or verifiable witness statements, confirming vandalism, have been entered into evidence by the Prosecution. Conjecture, is not proof. There is nothing to verify Hunter's statement, attributed to Wood, about civil rights; which were not mentioned on the police body cam footage; no admonishment regarding

'Resisting Arrest:' Yet Resisting Arrest and Vandalism are the two main features of
Hunter's Incident Narrative 22 – 20741 (see Exhibits List, Exhibit 1). Wood is
subjugated to the grueling prosecution process on those preposterous tack-on
charge, by he DA, where there is no evidence to substantiate either resisting or a
vandalism, charge:

17. PARAGRAPH:

The arrest at issue of June 21, 2022, was for 'interfering with mulching' and for
'trespassing,' those charges were dismissed, at the arraignment of June 23, 2022,
because there was no mulching, and no fence behind which to trespass: Charge CPC
602.1(a) Trespass, dismissed; Prosecution's request for injunction was denied; FVMC
12.04.060, Interfering with Mulching, dismissed. The injunction was identical to the
Civil injunction requested,during the trial, it stated that Wood would be jailed if she
ever returned to the area comprising one tenth of the City, (the appeal was decided in
Wood's favor, on April 19, 2024, written holding forthcoming: Civil Nuisance Abatement
case 30-2020-01164408-CU-JR-CJC, filed October 8, 2020.

18. PARAGRAPH:

Plaintiff has and will continue to suffer from injury resulting from a pattern of Civil Rights
violations in specific events of Conspiracy to Violate Civil Rights, to prevent Plaintiff from
Exercising her First Amendment rights of Free Speech and Assembly, as well as Petition;
Defendant intends to prevent documentation of Defendants disfavored opinions in Citizen's
police Misconduct Complaints.

19. PARAGRAPH:

By arresting Plaintiff and seizing her property with the intent of insuring that she leave
Fountain Valley and intimidating influence  was initiated, perpetrated, and inactedto prevent
her from being at liberty to exercise the First Amendment Right of Transit; Assembly, and

1    Petition were deprived by the retaliatory arrest. The Defendants exhibit willful and wonton

2    misconduct, deliberate indifference precludes immunity.

3                                    REQUEST FOR STAY

4    20. PARAGRAPH:

5    Plaintiff requests that the statute be tolled to stay the proceedings for one year

6    pending determination of the lower court criminal case, as fully explained herein:

7    (1.) Brady suppression during trial is a strong due process violation possibility

8    (Brady v. Maryland, 373 U.S. 83 (1963) (Giglio v. United States, 405 U.S. 150 (1972) to

9    bring a claim of Malicious Prosecution the criminal proceedings must terminate in

10   Defendant Wood's favor. (United States v. Bagley, 473 U.S. 667 (1985) it appears

11   that the police have intentionally withheld evidence, and proffered perjured

12   evidence, to gain a conviction in the absence of a crime, bringing into question

13   chain of custody.

14   (2.) The police reports contradict the witness statements. Fountain Valley City

15   Attorney Alexandra Halfman submitted a press release guaranteeing that she

16   would gain a conviction on Wood 43 days before the arrests at issue. The arrest was

17   brutal and egregious, Wood was released after three days.

18   (3.) The arrests was without legal justification, or cause, as a pretext to banish the

19   homeless, specifically Wood, from Fountain Valley, and fabricates and fails to

20   substantiate the allegations; perjured witness statements place Wood at the scene

21   when verifiable facts show that she was not at that location. Thus demonstrating a

22   deliberate, unreasonable deprivation of rights, under the Fourth and Fourteenth

23   Amendments, as a malicious unjustified prosecution resulting from baseless

24   criminal charges, resulting in pain and suffering and emotional distress to Wood.

25   21. PARAGRAPH:

26   The arrest was initiated with intent to cause harm to Wood's civil rights, with the

27   intent to harass an intimidate Wood, into leaving Fountain Valley, per injunction,

28   (denied at the arraignment) in violation of her constitutionally guaranteed First

-- Complaint --

Amendment right of transit. Knowing the charge to be baseless, court proceedings were initiated and enacted with malice, without basis in the belief that Wood actually violated the law, without probably cause, and with the intention of causing harm; The criminal proceeding therefore will end in dismissal, acquittal, or in Wood's favor, proving harm to Woods civil rights by needless subjugation to the grueling prosecution process: Wood, thus far, having been wrongful subjected to the legal process for a duration of two years, entering a third year, by subjecting Wood to the wrongful initiation of charges with improper purpose and without probable cause resulting in deprivation of liberty. (Chiaverini v. City of Napoleon, 2023 WL 152477 No. 21-3996, *7 (6th Cir 2023, "probable cause.)" (Albright v. Oliver, 510 U.S. 266, 267 (1994) "relevance to the deprivation of liberty that go hand in hand with criminal prosecutions)" Deprivations by state actors. (Reedd v. City of Chicago, 77 F. 3d. 1049, 1051 (7th Cir 1996) "defendant instigated a criminal proceeding with improper purpose and without provable cause." "Termination of the prior Criminal Proceedings in favor of the accused," (McDonough v. Smith, 139 S. Ct.2149, 2156 (2019); Heck v. Humphrey, 512 U.S. 477, 484, (1994). Favorable termination requirement. (Thompson v. Clark, "a plaintiff need only show that his prosecution ended without a conviction." 596 U.S. 36, 39 (2022) "This **favorable resolution of the underlying criminal proceedings for the malicious prosecution of Plaintiff Wood, is the point at which the stature of limitation for such a claim begin to run,"** McDonough, 139 S. Ct. at 2161. "The deprivation of a right secured by the Constitution and laws of the Untited States" Reed, 77 F 3rd at 1051).

22. PARAGRAPH:

The Defendants could have ascertained the falsity of the charge had the Defendants exercised reasonable diligence in performing their duties and not neglected to make a reasonable and necessary factual investigation at the scene of the charge: Plaintiff has and will continue to suffer from, injury resulting from a pattern of Civil Rights violations depicting specific events of conspiracy to violate civil rights, conspiracy to prevent Plaintiff from

exercising her First Amendment rights of free speech, and assembly, as well as petition, in order to prevent the documentations of her observations and opinions that were disfavored by the Defendants. Plaintiff, was unlawfully detained on more than 60 occasions by Defendant Officers, in the years prior to the arrest, of 2022, to the present, pretextually in a manner intended to harass her out of Fountain Valley including 12 brutal in custody and incarceration arrests and a civil action all of which were decided in Plaintiffs favor, at a cost of millions of dollars to the tax payer and resulting in the unjustified waste of court resources: Wood's shelter, a tent, was lawfully situated, according to Boise (Martin v. City of Boise (9th Cir. 2018) 902 F.3d 1031 at 1049), on the wayside of the public easement along the Fountain Valley Regional Park's dog walking path; an unlandscaped outskirt, not designated for any specific purpose. The City of Fountain Valley offers Defendant Wood two choices 1. Go to jail 2. Abdicate her First Amendment right to travel to the City of her choice, Fountain Valley, for the lawful purpose of furthering her health considerations.

23. PARAGRAPH:

   A "temporary shelter" "realistically available to Wood," can only be one from which,Wood, by location, has access 24/7 to Fountain Valley Hospital, for the duration of her health related need to be on Fountain Valley Hospital's schedule, where she is a candidate for heart surgery; pre and post op, and for an unspecified time of unanticipated resultant complications. Temporary shelters are very restrictive, "access" incorporating such an "availability" as specified, is "realistically" impossible, regarding both scheduled appointments and public transportation to the Hospital and returning to the temporary shelter.

24. PARAGRAPH:

Since Fountain Valley has no shelter at all, no shelter is "realistically available," regardless if Wood choose to use it or not. The option offered by City Net, of a motel, was vetoed by Wood's physician, due to cardio pulmonary deterioration (reaction to monoxides, asbestos, and cleaning solvents, made it impossible for her to breath she must now remain on steroids and an inhailer). Obviously Kuelen(Chico)  means for the homeless to remain, in tents in parks; The City of Fountain Valley means for the homeless to  be shoved off and out of Fountain Valley, specifically FV Regional City Park, in keeping with the status quo mandated by the City 'policy,' of shoving the homeless out to destinations unknown, under an anti-homeless, constitutionally violative, conspiratorial unpromulgated City 'policy,' specifically NIMBY, to anywhere other than Fountain Valley: to "other places." Obviously Fountain

Valley's 'poor may not assemble here,' policy is unenforceable, yet continues to be ratified through arrests of Wood and others, for code violations.

> Court of Appeals decisions are binding upon all trial level superior courts Auto Equity Sales, supra, at 455. The Boise Decision is a Federal Appealate Court ruling, and therefore supersedes the State:
> A lower court that refuses to follow the rule established by a higher court exceeds that lower court's jurisdiction. Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450 at 454. A lower court that violates the rule of "stare decisis" exceeds its jurisdiction. Auto Equity Sales, supra, at 455. A lower court is required to follow the decisions of courts having higher jurisdiction. Auto Equity Sales, supra, at 455.

25. PARAGRAPH:

BOISE: The Boise Decision is a Federal Appellate Court ruling, as a **prohibition against cruel and unusual punishment in the Eighth Amendment to the U.S. Constitution. Martin v. Boise; the Ninth Circuit Court of Appeals found in the 2019 case "'so long as there is a greater number of homeless individuals in (a jurisdiction) than the number of available beds (in shelters), the jurisdiction cannot prosecute homeless individuals for 'involuntarily sitting, lying, and sleeping in public." There are no City or County Shelters in Fountain Valley, there are no shelters at all in Fountain Valley.** An arrest not based on probable cause or consent is unlawful according to the landmark United States Supreme Court decision in Dunaway v. New York, an arrest and transportation to a police station for three hours required probably cause, and is constitutionally prohibited without it: the officer is not discharging a lawful duty. Dunaway v. N.Y. 422 U.S. 200, 95 S. Ct. 2240 (1979). Making a perjured statement to gain a conviction, in the absence of a crime is unlawful, although officers are allowed to lie during an investigation, if a law enforcement purpose is not served, lying equates to perjury, particularly in the Arrest Narrative at issue.

26. PARAGRAPH:

There was no probable cause to believe that a crime had been committed, no evidence, and no creditable witnesses, Wood, was handcuffed and taken into custody, by the Defendant Officers, there was no basis for Defendants to believe that Plaintiff might not appear in a criminal proceeding, based on Plaintiff's history, nor indicated by circumstances at the scene,

1  that would require handcuffs. Therefore the Officers exhibited willful and wanton misconduct

2  equating to deliberate indifference under federal civil rights standards precluding immunity.

3  Plaintiff complied with Officers directives at the scene. Plaintiff did not resist illegal arrest but

4  did protest verbally, in an orderly compliant manner, addressing the issue of whether the

5  officers were performing their duties.

6  IT IS THE 'POLICY' OF THE CITY OF FOUNTAIN VALLEY TO MAKE CONSPIRATORIAL,

7  CONSTITUTIONALLY VIOLATIVE, ANTI-HOMELESS UNLAWFUL DETENTIONS AND FALSE

8  ARRESTS  by which Fountain Valley and all participant City employess specified herein

9  conspired to and did violate Nancy Wood's civil rights, under color of law:

10  ( 1.) by adapting the California Penal Code, for the nefarious purpose of shirking City liability

   under Monell; without regard for Proper Arrest Procedure and Professional Standards

11  specified therein;

12  ( 2.) by transposing *the hierarchy of the law so that the municipal code trumps the Constitution,*

13  where the Proper Procedure specified in the California Penal Code  is adapted, as are

14  Professional Standards of Conduct, by making Unlawful Detentions and False Arrests at the

15  behest of the City Attorney Alexandra Halfman, and the City Counsel, and, via closed door

16  meetings:

17          Any plan devised that violates Plaintiff Wood's civil rights is a cause of action per
            Monell: In Rauen v. City of Miami, the plaintiffs alleged that there was a formal

18          plan adopted to stifle protest in violation of the First Amendment at the Free
            Trade Area of the Americas gathering in Miami. No. 06-21182, 2007 WL 686609,

19          at *1 (S.D. Fla. Mar. 2, 2007). Any authorization document allowing any
            procedure or practice in violation of civil rights is unconstitutional (425 F. Supp.

20          2d 159 (D. Me. 2006), regardless of whether it enables procedurally or otherwise

21          constitutionally violative arrests or searches.

22  ( 3.) by relegate the duty to make (false) criminal charges and the authority to prosecute

23  (spurious) crimes, to the City Attorney and City Council (Kirtley v. Rainey, 326 F.3d 1088, 1092

24  (9th Cir. 2003). (see Vives v. City of New York, F.3d at 348, 358) (See Garner, 8 F.3d at 361)

   (Vives v. City of New York, F.3d at 348, 358) (see Monell v. Dept of Soc. Servs., 436 U.S. 658,

25  701 (1978) (see Exhibits 1 – 12, Exhibits List attached).

26

27                              V. CLAIMS

28                              CLAIM 1

                          — Complaint --

                                                              1(

DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW

27. PARAGRAPH:

Plaintiff realleges and incorporates by reference all of the paragraphs above.

27. PARAGRAPH:

Plaintiff has a claim under 42 U.S.C. Sec 1983 for violation of the following federal, Constitutional, and Statutory Civil Rights:

Unlawful Arrest: Forth Amendment; deprivation of liberty without due process. Fourteenth Amendment; unreasonable search and seizure, excessive force.

28. PARAGRAPH:

The above civil rights were violated by the following Defendants:

1. CITY OF FOUNTAIN VALLEY
2. CHEIF MATHEW SHEPPARD, FVPD ___
3. OFFICER  S. CHASE, FVPD 297,
4. OFFICER ADAM HUNTER, FVPD 303,
5. CITY ATTORNEY ALEXANDRA MAE HALFMAN

29. PARAGRAPH:

The City of Fountain Valley is is liable for the Policy, Custom, and Practice of Conspiracy to Violate Civil Rights, as punishment for status, including the Forth and Fourteenth Amendments; resulting in Deprivation of Civil Rights under color of law; and Malicious Prosecution: The Policy is executed with malice and disregard for injury to rights: Fountain Valley being deliberately indifferent to illegal arrests by its police department; using excessive force, in making unjustified retaliatory arrests without cause, in violation of the lawful exercise of civil rights by Defendant on June 21, 2022, and at other times,  officers Chase, and Hunter, at the direction of City Attorney Halfman, and under the leadership of Chief Sheppard, all Defendants did  conspire to violate and did deprive Plaintiff of Constitutional rights. Under color of law, resulting in prosecution with forethought of malice.

30. PARAGRAPH:

As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way:

Plaintiff was deprived of security against unreasonable search and seizure without cause under the Fourth Amendment, and deprived of liberty and property under the Fourteenth Amendment, and deprived of due process and equal protection: Having been brutally and egregiously arrested on June 21, 2022, by Fountain Valley police officers, (Hunter and Case, at the behest of City Attorney Halfman, and under the leadership of Chief Sheppard, in the absence of a violation of law, cuffed, transported, incarcerated for three days, her possessions, including life sustaining necessities ,were unlawfully seized and Plaintiff was subjected needlessly to the prosecution process in excess of two years; Criminal case no. 22WM05656.

V. CLAIMS

CLAIM 2

CONSPIRACY TO VIOLATE CIVIL RIGHTS

31. PARAGRAPH:

Plaintiff realleges and incorporates by reference all of the paragraphs above.

32. PARAGRAPH:

conspiracy to violate civil rights;specifically to violate the right to be free from unreasonable search and seizure, under the Forth Amendment and the right to liberty, property, due process ,and equal protection under the law, under the Fourteenth Amendment, as perpetrated against Plaintiff by Defendants, in order that the arrest of June 21, 2022, would force Wood to relinquish her right to travel to the city of her choice, for any lawful purpose, and to remain there, as guaranteed by the First Amendment of the Constitution.

33. . PARAGRAPH:

The above civil rights were violated by the following Defendants:

1. CITY OF FOUNTAIN VALLEY

2. CHEIF MATHEW SHEPPARD, FVPD ___
3. OFFICER  S. CHASE, FVPD 297,
4. OFFICER ADAM HUNTER, FVPD 303,
5. CITY ATTORNEY ALEXANDRA MAE HALFMAN

34. PARAGRAPH:

Facts: Further, Plaintiff's Fourteenth Amendment equal protection rights were violated by the conspiratorial actions evidenced; by the fact that others in the same and proximate locations, engaged in the same behaviors were not arrested. The City of Fountain Valley is liable for the Policy, Custom, and Practice of Conspiracy to Violate Civil Rights, as punishment for status, including the Forth and Fourteenth Amendments; resulting in Deprivation of Civil Rights under color of law; and Malicious Prosecution: The Policy is executed with malice and disregard for injury to rights: Fountain Valley being deliberately indifferent to illegal arrests by its police department; using excessive force, in making unjustified retaliatory arrests without cause, in violation of the lawful exercise of civil rights by Defendant on June 21, 2022, and at other times,  officers Chase, and Hunter, at the direction of City Attorney Halfman, and under the leadership of Chief Sheppard, all Defendants did  conspire to violate and did deprive Plaintiff of Constitutional rights. Under color of law, resulting in prosecution with forethought of malice. The conspiracy is an attempt to shirk Monell liability in disregard for proper procedure and professional standards.

35. PARAGRAPH:

As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way:

The Defendants conspired to deprive Plaintiff of equal protection of the law; by repeatedly harassing Plaintiff, specific to the arrests at issue, with the intention of driving Plaintiff out of Fountain Valley, in violation of her First Amendment right of transit. Defendants conspired to and did deprive Plaintiff  of her Forth Amendment liberties and her search and seizure protections were violation when she was arrested without cause and her possessions and means of transportation were confiscated, during several months of misleading encounters

with officials Plaintiff was deprived of the necessities of life. The confiscation of her belongings was a violation of the Fifth Amendment taking clause: no crime had been committed, reported, or suspected, nor was Plaintiff in possession of contraband. By corraling, ghettoizing, and arresting Plaintiff, with the intent of ensuring that Plaintiff leave town, an intimidating influence was enacted that prevented Plaintiff from being at liberty to access, or transit, the city of Fountain Valley. Defendants ensured that Plaintiff's First Amendment rights of Speech, Assembly and Petition were violated, in particular, when, between June 23, 2022, to the present,  a succession of tedious punitive court appearances, on criminal case no. 22WM05656: were attended by City Attorney Halfman, in conjunction with a series of County Appointed Counsel demanded frivolous hearings, thus violating Plaintiff's Sixth Amendment due process rights.  Plaintiff was deprived of security against unreasonable search and seizure without cause under the Fourth Amendment, and deprived of liberty and property under the Fourteenth Amendment, and deprived of due process and equal protection: Having been brutally and egregiously arrested on June 21, 2022, by Fountain Valley police officers, (Hunter and Case, at the behest of City Attorney Halfman, and under the leadership of Chief Sheppard, in the absence of a violation of law, cuffed, transported, incarcerated for three days, her possessions, including life sustaining necessities ,were unlawfully seized and Plaintiff was subjected needlessly to the prosecution process in excess of two years; Criminal case no. 22WM05656.

V. CLAIMS

CLAIM 3

MALICIOUS PROSECUTION

36. PARAGRAPH:

Plaintiff realleges and incorporates by reference all of the paragraphs above.

37. PARAGRAPH:

The arrests was malicious, without legal justification, or cause, as a pretext to banish the homeless, specifically Plaintiff Wood, from Fountain Valley, Defendants fabricate and fail to substantiate the allegations; perjured witness statements place Wood at the scene when verifiable facts show that she was not at that location, thus subjecting Wood to outrageous due process violations, by needless subjugation to the criminal process: Demonstrating deliberate, unreasonable deprivation of rights, under the Fourth and Fourteenth Amendments, as a malicious unjustified prosecution resulting from baseless criminal charges, resulting in pain and suffering and emotional distress to Wood.

21. PARAGRAPH:

The arrest was initiated with intent to cause harm to Wood's civil rights, with the intent to harass and intimidate Wood, into leaving Fountain Valley, per injunction, (denied at the arraignment of June 23, 2022). The arrest was enacted with the specific intent to violate Plaintiff's constitutionally guaranteed First Amendment right of transit. Knowing the charge to be baseless, court proceedings were initiated and enacted with malice, without basis in the belief that Wood actually violated the law, without probably cause, and with the intention of causing harm The arrest was made with malicious intent to violate the right to be free from unreasonable search and seizure, under the Forth Amendment; and the right to liberty, property, due process, and equal protection under the law, under the Fourteenth Amendment, and was perpetrated against Plaintiff by Defendants, in order that the arrest of June 21, 2022, would force Wood to relinquish her right to travel to the city of her choice, for any lawful purpose, and to remain there, as guaranteed by the First Amendment of the Constitution: The Plan was devised by the Defendants, conspiratorially, in closed door city council meetings.

33. . PARAGRAPH:

The above civil rights were violated by the following Defendants:
1. CITY OF FOUNTAIN VALLEY
2. CHEIF MATHEW SHEPPARD, FVPD ____

3. OFFICER S. CHASE, FVPD 297,

4. OFFICER ADAM HUNTER, FVPD 303,

5. CITY ATTORNEY ALEXANDRA MAE HALFMAN

34. PARAGRAPH:

Facts: Plaintiff's Fourteenth Amendment equal protection rights were violated by the malicious plan put into action by Defendants. The City of Fountain Valley is is liable for the Policy, Custom, and Practice of Conspiracy to Violate Civil Rights, as punishment for status, including the Forth and Fourteenth Amendments; resulting in Deprivation of Civil Rights under color of law; and Malicious Prosecution: The Policy is executed with malice and disregard for injury to rights: Fountain Valley being deliberately indifferent to illegal arrests by its police department; using excessive force, in making unjustified retaliatory arrests without cause, in violation of the lawful exercise of civil rights by Defendant on June 21, 2022, and at other times, officers Chase, and Hunter, at the direction of City Attorney Halfman, and under the leadership of Chief Sheppard, all Defendants did conspire to violate and did deprive Plaintiff of Constitutional rights. Under color of law, resulting in prosecution with forethought of malice. The conspiracy is an attempt to shirk Monell liability in disregard for proper procedure and professional standards.

35. PARAGRAPH:

As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way:

The Defendants conspired to deprive Plaintiff of equal protection of the law; by repeatedly harassing Plaintiff, specific to the arrests at issue, with the intention of driving Plaintiff out of Fountain Valley, in violation of her First Amendment right of transit. Defendants conspired to and did deprive Plaintiff of her Forth Amendment liberties and her search and seizure protections were violation when she was arrested without cause and her possessions and means of transportation were confiscated, during several months of misleading encounters with officials Plaintiff was deprived of the necessities of life. The confiscation of her belongings was a violation of the Fifth Amendment taking clause, with the intent of ensuring

that Plaintiff leave town, and to prevent Plaintiff from being at liberty to access, or transit, the city of Fountain Valley. Defendants ensured that Plaintiff's First Amendment rights of Speech, Assembly and Petition were violated, by a succession of tedious punitive court appearances, on criminal case no. 22WM05656: frivolous hearings, thus violating Plaintiff's Sixth Amendment due process rights.  Plaintiff was deprived of security against unreasonable search and seizure without cause under the Fourth Amendment, and deprived of liberty and property under the Fourteenth Amendment, and deprived of due process and equal protection: Having been brutally and egregiously arrested on June 21, 2022. Fountain Valley police officers, Hunter and Case, at the behest of City Attorney Halfman, and under the leadership of Chief Sheppard, in the absence of a violation of law, cuffed, transported, incarcerated Wood for three days, and unlawfully seized Wood's possessions, including life sustaining necessities, and Plaintiff was subjected needlessly to the prosecution process in excess of two years; Criminal case no. 22WM05656.

VI. REQUEST FOR RELIEF

Wherefore Plaintiff Nancy Wood, requests:

35. PARAGRAPH:

Plaintiff seeks judgment against Defendants jointly and severally, for compensatory damages in the amount of $200,000.00, according to proof at trial, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action, reasonable attorney's fees, interest before and after judgment. An injuctive order declaring that Defendants have acted in violation of the Untited States Constitution, and enjoining Defendants from engaging in unlawful acts complained of herein;  and such other relief as to this Court seems just, proper, and equitable.

36. PARAGRAPH

all to her damage in the sum of $300.000.00..That by reason of the foregoing, Plaintiff Nancy Wood, has been damaged in the sum of $200,00.00, and exemplary damages in the punitive amount of $100,000.00.

37. PARAGRAPH

Each cause of action reiterates that amount.

38. PARAGRAPH

Demand for a Jury Trial.


Dated, June 21, 2024

Signature_____

NANCY CAROLYN WOOD, Plaintiff pre se

-- Complaint --

19

**EXHIBIT LIST**

**Exhibit 1.** Hunter's Incident Narrative 22 - 20741,

**Exhibit 2.** Officer Jessica Lee's 'Law Supplemental Narrative,' June 24, 2022. Filed with the Police Department, by Officer Lee, though her superior, on June 30, 2022, provided to Wood on February 1, 2024, in County Counsel Tienert's office, by Tienert.

**Exhibit 3.** Present Sense Recollection of Nancy Wood, arraignment Santa Ana Main Jail, Pub Def Maher, June 23, 2022.

**Exhibit 4.** Tape Recording and Transcript, Interview with Lt. Vang, Fountain Valley Police Station, June 10, 2022. also see 2020.

**Exhibit 5.** Tape Recording and Transcript, Interview with Renovation Supervisor, Max, Recreation Center, June 17, 2023, "Nothing is planned until next year."

**Exhibit 6.** Tape Recording and Transcript, Arrest of June 19, 2022, FV Regional Park, Arresting Officer Hunter, reiterates statements in Exhibit 16: LA Times press release of May 6 – 8, 2022), "I arrested 28 dangerous criminals, on warrants, in 16 tents."

**Exhibit 7.** LA Times press release of May 6 – 8, 2022.

**Exhibit 8.** Jury Trial Transcript, FV v. Wood, November 8, 2021, Consolidated Criminal Case no. 20WM04862, resulting in a jury trial win for Wood.

**Exhibit 9.** Tape Recording and Transcript, Arrest of June 21, 2022;

**Exhibit 10.** Police Body Cam footage, A, B, C, FV Regional Park, Arrest of June 19, 2022)."

**Exhibit 11.** Police Body Cam footage, A, B, C, and D, Arrest of June 21, 2022.

**Exhibit 12.** Statement of Sonya Gallegos.

**Exhibit 13.** Tape Recording and Transcript of Arrest, June 19, 2022, not filed;

**Exhibit (Photo) 14.** City Net, Arrest of June 19, 2022, FV Regional Park, (arrest not filed), "The shelters are closed, there is nothing for you Nancy,"adding, "nor will there be," in the months ahead).

**Exhibit 15.** Hunter Incident Narrative, DR 22 – 20575, Arrest of June 19, 2022, not filed.

**Exhibit (Photo) 16).** Mulch was not ordered until January of 2024; Fence Restrung, FV Regional Park, November 9, 2023.

**Exhibit 17.** "Part 2" video.

**Exhibit 18.** Officer Lee coaxing "Angel," to lie, July 29, 2023.

**Exhibit 19.** Tape Recording and Transcripts, City Officials threaten to arrest Wood for following her doctors orders August - November 2023).

**Exhibit (Photo) 20.** Arrest scene, June 21, 2022;

RESPECTFULLY SUBMITTED, June 21, 2024

Nancy Carolyn Wood, Plaintiff pro se