UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-01372 SVW (ADS)  Date: May 27, 2025

Title: *Carolyn Wood v. City of Fountain Valley, et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (DKT. NO. 1)**

### I.   INTRODUCTION

Before the Court is a pro se civil rights complaint ("Complaint") filed by at-liberty Plaintiff Nancy Carolyn Wood, proceeding in forma pauperis. (Dkt. No. 1., Compl.) Plaintiff names the following defendants: (1) City of Fountain Valley, (2) Chief Mathew Sheppard, FVPD, (3) Officer S. Chase, (4) Officer Adam Hunter, and (5) City Attorney Alexandra Mae Halfman. Plaintiff sues the individuals in both their individual and official capacity. (Compl. at 3.) The Complaint asserts the following three claims: (1) Deprivation of Civil Rights Under Color of Law, (2) Conspiracy to Violate Civil Rights and (3) Malicious Prosecution. Having conducted the screening pursuant to 28 U.S.C. § 1915 (e)(2)(B), the Court dismisses the Complaint with leave to amend.

### II.   FACTUAL ALLEGATIONS

Much of the Complaint is difficult to parse, however, the Court was able to discern the following factual allegations. On June 21, 2022, Plaintiff was arrested for "interfering with mulching" and "trespassing". (Compl. at 4[1], 6.) Unnamed officers "dragged" Plaintiff, who was unable to stand, to the squad car. (Id. at 4.) During the arrest, Officer Hunter seized Plaintiff's possessions, her tent was "ransacked", and her

---

[1] Pin citations refer to the ECF stamped page number at the top of the filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-01372 SVW (ADS)  Date: May 27, 2025

Title: *Carolyn Wood v. City of Fountain Valley, et al.*

possessions were taken to a "Property Yard" two miles away by "Park Maintenance Supervisor, Angel, at the behest of City Attorney Halfman, on threat of termination." (Id. at 5.)  On June 23, 2022, the arrest charges were dismissed.  (Id. at 6.)  On June 24, 2022, Plaintiff was released from Santa Ana Main Jail.  (Id. at 5.)

The Complaint also references a criminal case with counts for vandalism and resisting arrest and references Exhibits which were not attached.  (Id. at 4.) The Complaint alleges

> IT IS THE 'POLICY' OF THE CITY OF FOUNTAIN VALLEY TO MAKE CONSPIRATORIAL, CONSTITUTIONALLY VIOLATIVE, ANTI-HOMELESS UNLAWFUL DETENTIONS AND FALSE ARRESTS by which Fountain Valley and all participant City employees specified herein conspired to and did violate Nancy Wood's civil rights, under color of law

(Compl. at 11.)

### III.  LEGAL STANDARD

The Court screens pro se complaints brought by plaintiffs proceeding in forma pauperis to identify the cognizable claims or to dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915.  The Court accepts as true the factual allegations contained in the Complaint and construes all inferences in Plaintiff's favor.  See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  The Court liberally construes the Complaint because Plaintiff is proceeding pro se.  Hamilton, 630 F.3d at 893.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:24-01372 SVW (ADS)                                   Date:  May 27, 2025

Title:  *Carolyn Wood v. City of Fountain Valley, et al.*

### IV.     DISCUSSION

####     A.     Federal Rule of Civil Procedure 8

Much of the Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555.  A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Here, the Complaint contains many legal catchphrases, unmoored from factual allegations.  It is unclear how entire paragraphs of the Complaint relate to the asserted claims.  In addition, Claim 1 violates Rule 8.  The Complaint attempts to assert at least five different causes of action in one claim. It is unclear what legal theories and factual allegations are being asserted against which defendants for this claim.  The Complaint is subject to dismissal for violation of Rule 8.

####     B.     Deprivation of Civil Rights Under Color of Law (Claim 1)

Plaintiff asserts Claim 1 for "Deprivation of Civil Rights Under Color of Law" against City of Fountain Valley, Chief Mathew Sheppard, Officer S. Chase, Officer Adam Hunter and City Attorney Alexandra Mae Halfman. (Compl. at 12.)  The Complaint states that Plaintiff has a claim under Section 1983 for violation of "Unlawful Arrest: Forth Amendment; deprivation of liberty without due process. Fourteenth Amendment; unreasonable search and seizure, excessive force." (Id. at 12.)  This claim also alleges, among other things, that

> The City of Fountain Valley is is liable for the Policy, Custom, and Practice of Conspiracy to Violate Civil Rights, as punishment for status, including the Forth and Fourteenth Amendments; resulting in Deprivation of Civil Rights under color of law; and Malicious Prosecution

(Compl. at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-01372 SVW (ADS)	Date: May 27, 2025

Title: *Carolyn Wood v. City of Fountain Valley, et al.*

The Complaint fails to allege sufficient facts to show that Plaintiff's civil rights were violated by any of the defendants. There are few specific facts alleged about what defendants Chase, Hunter or Halfman did, and none of these are sufficient for them to be liable for any violation. In addition, there are no facts alleged specific to defendant Sheppard. Furthermore, the Complaint contains only conclusory allegations of municipal liability against the City of Fountain Valley. Claim 1 fails to state a claim upon which relief can be granted and is dismissed.

### C. <u>**Conspiracy to Violate Civil Rights**</u>

Plaintiff asserts Claim 2 for "Conspiracy to Violate Civil Rights" against City of Fountain Valley, Chief Mathew Sheppard, Officer S. Chase, Officer Adam Hunter and City Attorney Alexandra Mae Halfman. (Compl. at 13.) This claim alleges,

> conspiracy to violate civil rights; specifically to violate the right to be free from unreasonable search and seizure, under the Fourth Amendment and the right to liberty, property, due process and equal protection under the law, under the Fourteenth Amendment, as perpetrated against Plaintiff by Defendants, in order that the arrest of June 21, 2022, would force Wood to relinquish her right to travel to the city of her choice, for any lawful purpose, and to remain there, as guaranteed by the First Amendment of the Constitution.

(Compl. at 13.)

The Complaint fails to allege sufficient facts to state a claim for conspiracy. The Complaint contains no facts to plausibly suggest that defendants took part in a conspiracy to deprive Plaintiff of her civil rights. See <u>Woodrum v. Woodward County, Okla.</u>, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy alone do not state a claim under § 1983). This claim is dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-01372 SVW (ADS)                            Date: May 27, 2025

Title: *Carolyn Wood v. City of Fountain Valley, et al.*

### D.  Malicious Prosecution (Claim 3)

Plaintiff asserts Claim 3 for Malicious Prosecution against City of Fountain Valley, Chief Mathew Sheppard, Officer S. Chase, Officer Adam Hunter and City Attorney Alexandra Mae Halfman. (Compl. at 16-17.)  Claim 3 alleges,

> The arrest was initiated with intent to cause harm to Wood's civil rights, with the intent to harass and intimidate Wood, into leaving Fountain Valley, per injunction, (denied at the arraignment of June 23, 2022). The arrest was enacted with the specific intent to violate Plaintiff's constitutionally guaranteed First Amendment right of transit. Knowing the charge to be baseless, court proceedings were initiated and enacted with malice, without basis in the belief that Wood actually violated the law, without probably cause, and with the intention of causing harm. The arrest was made with malicious intent to violate the right to be free from unreasonable search and seizure, under the Fourth Amendment; and the right to liberty, property, due process, and equal protection under the law…

(Compl. at 16.)

Claim 3 fails to allege sufficient facts to state a claim for malicious prosecution.  There are no specific factual allegations regarding defendants Shepard, or Chase in the Complaint at all.  The only specific factual allegation regarding Hunter is that he "seized Wood's possessions", which cannot form the basis for a malicious prosecution claim. (Compl. at 5.)  Also, the Complaint contains only conclusory allegations of municipal liability against the City of Fountain Valley, which are not clearly related to a claim of malicious prosecution.

To the extent that Plaintiff attempts to asserts a claim for malicious prosecution against defendant Halfman, a city attorney, for bringing charges against Plaintiff, those claims fail.  "It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" Ray v. Lara, 31 F.4th 692, 699 (9th Cir. 2022) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  See Kalina v. Fletcher, 522 U.S. 118, 130 (1997) (absolute immunity for performing traditional functions of an advocate, for example, the decision to file charges).  Any claim for malicious prosecution against City

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:24-01372 SVW (ADS)                                      Date:  May 27, 2025

Title:  *Carolyn Wood v. City of Fountain Valley, et al.*

Attorney Halfman would fail as a matter of law because prosecutors' conduct in filing charges are shielded from Section 1983 liability by absolute immunity.

## V.     CONCLUSION

For the reasons above, the Complaint is subject to dismissal in its entirety. Plaintiff must elect to proceed with one of the following options by no later than **June 26, 2025**.

### A.     Option 1: File a First Amended Complaint

Plaintiff may file a signed first amended complaint that cures the defects the Court has pointed out in this Order.  In doing so, Plaintiff is reminded to provide a short and plain statement of what happened, identify her claims against each defendant, and clearly describe each defendant's wrongful conduct.  Also, Plaintiff should state specific facts meeting the legal standard for each claim she is bringing.  Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing a first amended complaint.

Plaintiff is advised that an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  This means that the filing of an amended complaint entirely replaces the original or any prior complaint, which is "treated thereafter as nonexistent." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted).  Therefore, the First Amended Complaint must contain all claims Plaintiff intends to bring against all defendants.

The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing a first amended complaint.

### B.     Option 2: Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal.  The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-09).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:24-01372 SVW (ADS)                                                  Date:  May 27, 2025

Title:  *Carolyn Wood v. City of Fountain Valley, et al.*

### C. Option 3: Proceed with the Complaint

Plaintiff may elect to proceed with the Complaint in its current form.  To do so, Plaintiff must file a statement with the Court stating that she wishes to select Option 3 and proceed on the Complaint, despite the infirmities described in this order.

Plaintiff is expressly cautioned that the deficient Complaint is subject to dismissal.  If Plaintiff selects Option 3, it will be viewed by the Court as the inability to cure the defects identified in this order.  As such, the Court may recommend dismissal with prejudice to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert these same claims in a new case.

**Plaintiff is expressly warned that failure to timely respond to this order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh